SARAH A. LINES, APPELLANT, v. WILLIAM SMITH, APPELLEE.

Promissory notes and bills of exchange are presumed to be founded on a valid and valuable consideration—but this presumption, which the law raises for the protection of negotiable paper, may be rebutted by proof to the contrary.

The statute requiring a promise to pay the debt of another to be in writing, in order to bind the party to be charged thereby, does not dispense with the consideration required by the common law to support the contract.

The sale of a slave carries with it an implied warranty of title—and it is the sale of the title which creates the liability of the purchaser, and constitutes the consideration for the promise. If the vendor had no title, there would be no consideration for the promise; and the failure of consideration, or want of title, may be set up as a defence, whether the party promising, or a third person, was the purchaser.

A mere naked promise to pay the existing debt of another is void. Such a promise must have a new, independent, or original consideration to support it.

The debt of a third person is an adequate consideration for a promise, provided the promise is in writing, and the instrument bears on its face, " value received," or some other words, which raise a presumption of legal consideration sufficient to sustain the promise, independently of the original debt.

This was an appeal from a judgment of the Circuit Court of Gadsden County, Hon. THOMAS BALTZELL, Judge of the Middle Circuit, presiding, rendered at the Spring term, A. D., 1850.

The case is fully stated in the opinion of the Court.

Judge BAKER, of the Middle Circuit, sat in the place of Justice THOMPSON, who had been of counsel in the case in the Court below.

*White*, for Appellant, contended—

1st. That the Court below erred in sustaining the demurrer of appellee to the pleas of appellant, which alleged a want and failure of consideration.

There must be an actual, valid and valuable considera-

tion to support a promise. Story on Notes, §§ 181, 187.—
The defence of failure of consideration is one that may be
made, and will apply to all cases where a party takes a
a note, even for value, after it has been dishonored, or is
over due—citing Story on Notes, § 190. The demurrer in
this case admits the total want or failure of consideration,
set up by the pleas.

2d. That a past transaction cannot be made a good con-
sideration, unless it is the result of a previous request—
Citing Archbold's Nisi Prius, 49. Hunt v. Bates, Dyer,
272. Hayes v. Warren, 2 Strange, 933. Jones v. Wil-
liams, 5 Barnewall and Alderson, 1109. Mills v. Wyman,
3d Pickering, 207, and other authorities.

3d. The statute requiring the promise to pay the debt of
another to be in writing, does not dispense with the consid-
eration required by the common law. 1 Saunders' Reports,
211, (note 2.) Cowper, 289. 5 East, 10.

*Dupont*, for Appellee, insisted—

1st. That the appellant, defendant in the Court below,
had not any legal interest in the matter of defence.

2d. That the pleas do not sufficiently set forth the want
of consideration relied on—citing the rules of Court, 1st
Chitty's Pleadings, 516. 1st Stephens' Nisi Prius, 932. 3d
Adolphus and Ellis, 521, 522. 6th Car and Payne, 736.

3d. That the pleas are inconsistent and repugnant, and,
therefore, bad on demurrer. 1st Chitty, 231. Gould on
Pleading, 154, 155. 14th East, 291, and other authorities.

4th. The bare existence of a debt due by a third party,
is a sufficient consideration for the making of a bill, or note,
In this case, the plea is, that the note was given for the debt
of another. In the case of Ridout v. Bristow, Tyrwhitt's
Reports, 84, the promissory note was, " for value received
by my late husband." It was objected, that the note on its
face negatived any consideration between the parties. The
objection was overruled. See, also, Chitty on Bills, § 33,

83—9th American, from 8th London edition. Chitty on Contracts, 413, 414.

SEMMES, *Justice*, delivered the opinion of the Court.

This was an action in *assumpsit*, commenced at the Spring term, 1849, of Gadsden Circuit Court, by respondent, against appellant, on a promissory note, in the following words :

" $300.   One day after date, I promise to pay James O.
" Goldwire, or bearer, three hundred dollars, for value re-
" ceived, this the 12th day of January, 1849.   The above
" note is given in payment for a negro girl named Priscilla,
" which Sarah J. Goldwire has purchased from James O.
" Goldwire.                              SARAH LINES."

To the declaration in this case, the defendant in the Court below filed twelve pleas.   The first, *non assumpsit*, was, on motion, stricken out, and the others were demurred to.   The Circuit Court sustained the demurrer, and from its judgment, this appeal is taken.

The grounds of error assigned by counsel for appellant are, the judgment of the Court below sustaining the demurrer to the three last pleas, numbered on the record ten, eleven and twelve.

The first of these pleas avers that the note declared on was given in part payment for a negro slave, which James O. Goldwire, the payee, had sold to Sarah J. Goldwire, and that, at the time of said sale, the said James O. Goldwire had no right, title or interest whatever in said slave, and that shortly after said sale, John W. Goldwire, the rightful owner, took possession of her, whereby the consideration failed, &c.; and that the note was transferred after it became due.   The last two are substantially the same—the twelfth alleging that the note declared on was made and delivered to James O. Goldwire, for a debt then and there before that time due and owing to the said James O. Goldwire by Sarah J. Goldwire, and that there never was any

7

consideration or value for the making and delivery of said note, or for the payment thereof, and that the same remained in the hands of the payee after it became due, &c.

All the allegations contained in these pleas, the respondent, by his demurrer, admits to be true, and the questions presented to the consideration of this Court are — first, whether it is competent for the appellant, in her defence to the payment of this note, to avail herself of a want or defect of title in the vendor to this slave? and, secondly, whether the existing debt of a third party, as set forth in the pleadings, is a sufficient consideration to support the promise of the appellant? If the respondent was a *bona fide* holder of this note, being a negotiable instrument, it is very clear that no defence, impeaching the consideration, could be relied on, and that no equities between the original contracting parties could be inquired into. But having taken the note after dishonor, he became a purchaser with notice, and the note in his hands is subject to all the defences which might be made to it in the hands of the original payee. Story on Promissory Notes, 216.

The note declared on, like all other similar contracts, must have an actual, valid and valuable consideration to support it. If there is no consideration, it is *nudum pactum*; for the law of the land supplies no means, nor affords any remedy to compel the performance of an agreement made without sufficient consideration. 7 Term Reports, 350.— 17 Johnson's Reports, 304. Promissory notes and bills of exchange, it is true, are presumed to be founded on a valid and valuable consideration, and for this reason, it is not requisite to establish a consideration between the original parties, or others who become, by transfer, *bona fide* holders; and the burden of proof rests upon the other party to prove the contrary, and rebut the presumption of validity and value which the law raises for the protection and support of negotiable paper. Story on Notes, 206.

Our statute, requiring a promise to pay the debt of another to be in writing, in order to bind the party to be charged thereby, does not dispense with the consideration required by the common law to support the contract. But it is contended by counsel for respondent, that the consideration of this note cannot be inquired into by appellant, because she has not such an interest in the title to the slave as would give her the right of action for a breach of warranty. This is not necessary. The sale of the slave carried with it an implied warranty of title—it was the sale of the title which created the liability of the purchaser, and which was the sole consideration of the note. If no liability on the part of the purchaser existed, by reason of a defect or want of title in the vendor, then there was no debt, no consideration to support the promise, and no principle of law can be invoked which would deny to appellant the right of establishing the fact. If the memorandum to this note were stricken out, it is obvious the maker could plead a want or failure of consideration to any action on it ; and it is equally clear, that the plaintiff could reply in confession and avoidance, that the consideration was the debt of a third party, as set forth in this memorandum. Would the appellant be estopped from asserting that there was no debt or liability at the time the promise was made ? If a person undertakes to pay a certain sum to a plaintiff in execution, upon his forbearing with his debtor a certain time, can it be said he would be bound, if the creditor failed to forbear ? and yet the party promising, would have no interest in the execution debt. And so, where goods are agreed to be furnished a person, upon a guaranty of a third, the guarantor is not bound, if the creditor fails to comply with his undertaking.

It may be said that these are conditions precedent ; true—but that does not affect the principle ; for, if the goods were actually sold, and a written guaranty executed and

delivered, and the party selling had no title, and admits it, and they are taken possession of by the owner, the consideration has failed, and the guaranty is void. In the case before the Court, the note was made and delivered upon the fraudulent representations of the payee, the vendor of the slave ; and in answer to the argument of counsel, I know of no reason why the appellant could not have recovered back the amount of this note, had she paid it voluntarily, and in ignorance of the facts.

But it is said " the *legal inference* is, that the appellant was indebted to the purchaser of this slave the amount of this note, and for convenience, the former executed and delivered her note to the vendor." If this were so, then the appellant was discharging her debt to the purchaser, by paying a claim for which the latter was not liable. But no such legal presumption exists ; and I am aware of no authority that even intimates that it is necessary that a consideration should exist between the promissor, and the party for whose benefit the promise is made. Like all other cases of a similar character, where the contract is valid, upon the guarantor's paying the money for the original debtor, he would have his right of action against the latter ; and in a suit for the recovery of this advance, it would be the assertion of a novel principle, that he could be met by a legal presumption of indebtedness to the party for whose benefit he had advanced the money.

In regard to the two last pleas, it is contended by counsel for respondent, that they are contradictory, and otherwise at variance with the rules of pleading ; that they allege a good and valuable consideration for the making and delivery of the note, and then deny that there ever was any consideration. If this were true, they would manifestly be bad for repugnancy, and the repugnant matter could not be rejected, without destroying the sense and effect of the pleas. See Stephens' Pleadings, 420. But the latter plea, particu-

larly, is in strict conformity with the rules of Court, setting forth with sufficient certainty the matters relied on in defence of the action. The objection is, that the consideration as set forth is matter of inducement to the defence relied on. This may be partially true, but still it would here constitute an exception to the general rule, that a traverse cannot be taken on matters of inducement. In this case, the introductory matter is, in itself, essential, and though in the nature of inducement, might, nevertheless, have been traversed. See Stephens' Pleading, 285. Neither do these pleas allege, as is contended, a good and valuable consideration ; but, on the contrary, aver that the consideration of the note was the debt of a third party, then, and before that time, due and owing. And this brings us to the consideration of the second question growing out of the pleadings.

It is said this is an *original* undertaking on the part of appellant ; and in support of this position, counsel relies on the authority in Chitty on Bills, 83, n. a., that "the engagement of each party to a bill or note, is an *original* undertaking for himself, and not a promise for the debt of another, although it may have the effect of discharging the debt of a third person." This is true ; but it does not disturb the principle recognized by every authority without an exception, that a mere naked promise to pay the already existing debt of another, without consideration, is void. 8 Johnson's Reports, 30.

The true rule to determine whether a promise to pay the debt of another is original or collateral is—to whom is the credit given? If the whole credit is given to the person who comes in to answer for another, his undertaking is original. If a person comes in aid of another who obtains the property, so that there is a remedy against both, according to their distinct engagements, then the undertaking is collateral. 2 Term Reports, 80. 1 Salkeld, 27. And in the case of a collateral undertaking, if it is made subse-

quent to the creation of the debt, and is not the induce-
ment to it, the consideration of the original debt will not
support the subsequent promise.    See 8 Johnson's Reports,
31.

In this case, the note is given in *payment* and discharge
of a previously existing debt of a third party ; and the prom-
ise is, as counsel asserts it to be, an original one.    But this,
so far from avoiding the difficulty, is, under the facts, con-
clusive against the respondent.    Were it not for the demur-
rer, it would be but a fair, if not the only inference, that the
sale of the slave, and the making and delivery of the note,
constituted one transaction.    In that case, the sale would
have become incorporated in the promise—it would have
become an essential part of the contract ; and if a sufficient
consideration had existed, that consideration would have
sustained the promise.    But the demurrer repels any such
inference, and places the entire undertaking of appellant
upon the sole consideration of the previously existing debt
of a third party.    To support such an undertaking, the pre-
vious contract of sale of the slave would not be sufficient,
but a new, and independent, or original consideration, of
benefit or harm, must exist between the new contracting
parties.    8 Johnson's Reports, 31.

The Court in the case reported in 1st Saunders' Reports,
211, say, that this principle, requiring a new consideration,
extends to all cases of promises to answer for the debt of
another ; for it is clear, that the mere existence of the debt
of a third party is not sufficient to support the promise ; and
in the same authority it is said, there must be a sufficient new
consideration, as forbearance, &c., otherwise the promise
is not binding, though reduced to writing.    As where A has
sold and delivered goods to B, and afterwards, C promises A
in writing to pay for them, the promise is *nudum pactum*, be-
cause it was so at common law, and the statute makes no
alteration.    In the case of Waine v. Warlters, in 5 East's,

10, the promise of the defendant was not made at the time, nor did it form a part of the original contract between the creditor and the third person. It was made after the debt was created, and, therefore, required a new consideration to support it.

An *executed* consideration will not support a promise, unless it be executed at the request of the promissor ; for the obvious reason, that there is no legal consideration apparent, to support the contract. Story on Contracts, 93, 94.

The reason why a promissory note, given in fact in payment of the debt of a third person, is valid and binding on the maker, is, because—first, the consideration cannot be inquired into in the hands of an innocent holder ; and, secondly, the words, value received, generally contained in these instruments, import a sufficient new consideration between the contracting parties ; and bearing this in mind we can readily understand why a contract of this sort is an original undertaking on the part of the maker for himself, and not a promise for the *debt* of another, though the note has the effect of discharging that debt. The principle, therefore, that the debt of a third person is an adequate consideration for a promise is true, with these qualifications—that the promise must be in writing, and the instrument must bear on its face value received, or some other words, which raise a presumption of a legal consideration sufficient to sustain the promise, independently of the original debt. '

The case of Eyck v. Vanderpoel, reported in 8th Johnson's Reports, 93, is directly in point. In that case, the note was for value received by third parties, and on demurrer to the declaration, the Court say, that the note was for value received by a third person, being the debt of another. There was no consideration or inducement for the promise. The instrument repels' any presumption of consideration from the words "value received," because it admits that the value

was received by a third person. See, also, Rann v. Hughes, 7 Term Reports, 350.

For these reasons, the Court is of opinion that the judgment of the Circuit Court, sustaining the demurrer to tenth, eleventh and twelfth pleas, was erroneous.

Let the judgment of the Court below be reversed.