WILLIAMS, O. EDGAR, JR., Associate Judge.
This is an appeal from an order granting a motion to dismiss the amended complaint and dismissing the cause with prejudice to the appellant who was plaintiff below.
The original complaint alleged that the Appellee was indebted to Appellant in the amount of $1,153.84 by reason of a letter, a copy of which was attached thereto, and that the Appellee had failed and refused to pay said sum notwithstanding the demand by the Appellant. The attached letter was addressed to Appellant and was purportedly signed by the Appellee. It first confirmed Appellee’s agreement with the Appellant with respect to shipments of dairy feeds which were to be made by the Appellant to the Appellee and then confirmed the terms agreed upon by the parties, the Ap-pellee agreeing to pay by the tenth day of each month until the Appellee gave written notice to the contrary. It then contained the following paragraph which was the basis of Appellant’s cause of action:
“I have also agreed to make payment to you of the sum of $1,153.84 respecting shipments made to George and Eleanor Kemp Dairy for balance due on purchase from June 2, 1960 through June 22, 1960. I will make payment with respect to these invoices on the following basis: 90 days from above date.”
The lower court entered an order dismissing the complaint “ * * * for reason that it fails to state a cause of action in that no consideration is alleged for the agreement asserted in the complaint, * * ” and granting leave to amend. The Appellant then filed an amended complaint which was for all purposes identical with the original except that it included a paragraph reading as follows:
“4. As consideration for the promise of the Defendant to make payment of *515 the sum of One Thousand One Hundred Fifty-three and 84/100 Dollars ($1,153.84) as aforesaid Plaintiff agreed to withhold for ninety (90) days the collection of said sum, and further that Plaintiff agreed to release to the Defendant certain checks covering milk produced by the Kemp Dairy.”
After a subsequent motion was made by the Appellee to dismiss the amended complaint, the court entered its order granting the motion and dismissing the amended complaint with prejudice specifically finding “ * * * as a matter of law that the writing relied upon by the plaintiff in these proceedings is defective for lack of consideration.” The court cited Lines v. Smith, 1850, 4 Fla. 47, as authority for its action and stated as follows:
“The above referenced case holds that a writing relied upon for the assumption of a third party debt subsequent to the making of said debt must recite on its face the consideration for the assumption and/or guarantee and it is apparent from the exhibit attached to plaintiff’s complaint that the writing relied upon by the plaintiff in these proceedings does not recite or in any way reflect a consideration for the execution of such instrument or the assumption of said indebtedness.”
It may have been, since Lines v. Smith, supra, was cited by the lower court as authority for its action, that the lower court was concerned more with the Statute of Frauds than lack of consideration, but in either event the Appellant argues that such matters constitute affimative defenses and must be pleaded in an answer filed in response to the complaint; such defenses not being available in a motion to dismiss. It is true that this rule pertaining to affirmative defenses was set down by the District Court of Appeal for the First District in the case of Fletcher v. Williams, Fla.App., 153 So.2d 759, and was adopted by this court in Carson v. City of Fort Lauder-dale, Fla.App., 155 So.2d 620, wherein Fletcher v. Williams was quoted as follows:
“If a complaint * * * states a cause of action in accordance with either statutory, common law or equitable principles, the complaint will be sufficient to withstand a motion to dismiss it. If a defendant elects to assert an affirmative defense as a bar to the action, such defense must be pleaded in an answer filed in response to the complaint. Affirmative defenses may-not be asserted as grounds for a motion to dismiss the complaint, even though the availability of the defense as a bar to the action may appear on the face of the complaint. (Emphasis added) See also Tuggle v. Maddox, Fla.1952, 60 So.2d 158; Stone v. Stone, Fla.App. 1957, 97 So.2d 352.”
This Court, however, recently distinguished the rule in its applicability to Rules 1.8 (d) and 1.11(b), Fla. Rules of Civil Procedure, in Martin v. Highway Equipment Company, Fla., 172 So.2d 246, wherein it was stated:
“When the complaint affirmatively shows that the claim is based on an oral contract, the defense of the statute of frauds may be raised by a defendant by motion to dismiss under Rule 1.11(b), Rules of Civil Procedure, which rule provides that the defense of ‘(6) failure to state a cause of action’ may be made by motion. Rule 1.11(b) is like Rule 12(b), Federal Rules of Civil Procedure, except that clause (6) of the federal rule reads ‘(6) failure to state a claim upon which relief can be granted,’ which language of the federal rule is nothing more or less than the definition of a ‘cause of action.’ Both rules mean the same.
“Volume 2 Moore’s Federal Practice, 2nd Ed., § 12.08, p. 2245, states: ‘A (complaint) may be dismissed on motion if clearly without any merit; and this want of merit may consist in ar. absence of law supporting a claim of *516 the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.’ Since plaintiff’s alleged oral contract comes within the scope of the statute of frauds, supra, it is ‘not good;’ the statement of the claim discloses that the contract relied upon is oral, which disclosure necessarily defeats the claim. If the complaint had merely alleged the contract without disclosing whether it was oral or written, then with a liberal construction of the complaint, on motion to dismiss, the court could not rightfully hold that it failed to state a claim on which relief could be granted and it would have been error to have sustained the motion to dismiss. As stated by Moore, supra, ‘But a claim should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.’ Rule 8(c), [jic] Rules of Civil Procedure, requires that a party in pleading to a preceding pleading shall set forth affirmatively the defense of the statute of frauds, but Rule 1.11(b) and Rule 8(c) [sic] are not mutually exclusive in application.”
If the lower court was correct in concluding that the complaint upon its face disclosed some fact which clearly and certainly defeated the claim and that the plaintiff was entitled to no relief under any state of facts which could be proved in support of the claim then the court could properly take the action it did upon the defect being raised by motion to dismiss; whether the defect consisted of a bar by reason of the statute of frauds or by reason of a total lack of consideration. We must therefore go beyond the procedural question of whether the defect could be reached upon motion to dismiss, and examine the complaint itself to determine if the lower court’s action was erroneous.
We feel that Lines v. Smith, which was relied upon by the lower court, stands for the proposition that when a promissory note is given in payment and discharge of a previously existing debt of a third party, the instrument itself must bear on its face “value received,” or some other words which raise a presumption of a legal consideration sufficient to sustain the promise if the instrument is to have the effect of discharging the previous debt. Such is not the case here. The amended complaint dismissed by the lower court did not allege that the previously existing debt was discharged, but alleged that the Appellee assumed the previous debt and that the promise to pay was in writing.
The applicable Statute of Frauds, Florida Statutes, Sec. 725.01, F.S.A., essentially provides:
“No action shall be brought * * * whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith * * * ” (Emphasis added)
That the requirement of this Statute is met if the “promise” is in writing and the writing itself need not recite the consideration upon which the promise is founded was recognized by the Supreme Court of this State as early as 1847 in Dorman v. Bigelow, 1 Fla. 281.
The Florida statute corresponds to the English statute, so far as is pertinent here, except that the words “or promise” were added to the Florida statute. The Supreme Court of Florida recognized the importance of this addition in the Florida statute in Dorman v. Bigelow, supra. Dorman had guaranteed a note payable to Bigelow. Dorman maintained that his endorsement of guaranty on the note was void because the consideration was not expressed in *517 the writing. The Court held that because the Florida statute includes the words “or promise” the consideration need not be expressed in the writing, and that decisions in other jurisdictions, whose statutes do not include the words “or promise,” are not persuasive. The Court said:
“Thus, it appears that whatever view be taken of the Statute of Frauds of this State, it is clear that under the 10th section thereof, a promise to pay the debt of another, made in writing and signed by the party to be bound, is a sufficient compliance therewith, without any recital in the writing of the consideration upon which the promise is founded, it being competent for the plaintiff, having averred the consideration in such cases, to prove the same by parol testimony on the trial, as at the common law.”
Later, in 1933, the Supreme Court stated in Hepburn v. Chapman, 109 Fla. 133, 149 So. 196, that the rule in Dorman v. Bigelow was still in effect, and this seems to be the rule today:
“Nor does the failure of the writing to express the consideration for the promise to answer for the debt of another render it a void instrument. Our statute of frauds (section 5779, Comp. Gen. Laws) provides that no action shall be brought whereby to charge a defendant ‘upon any special promise to answer for the debt, default or miscarriage of another * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.’ Thus it appears that, while our statute requires the promise or agreement to answer for another’s debt, or some note or memorandum thereof, to be in writing, it does not expressly require the consideration to be set forth in such writing. There is a divergence of authorities in the various jurisdictions in this country on this question, largely due, no doubt, to the differences in the various state statutes, but in 27 C.J. at page 282, it is said that: ‘It is held uniformly that the consideration need not be stated in the memorandum where the statute of frauds merely requires the “promise or agreement” to be in writing.’ See, also, 25 R.C.L. 661, 662, § 296. There seems to be but one Florida, case dealing directly with this question, to wit, Dorman v. Bigelow, 1 Fla. 281. While this case is an old one, it does not appear to have ever been overruled. It was held in that case that: ‘Promise to pay the debt of another, made in writing and signed by the party to be bound, but without expressing the consideration on which the promise is founded, is sufficient, and is not within the statute of frauds of this State.’ The holding on this point in the cited case was referred to in Conroy v. Woodcock, 53 Fla. 582, 43 So. 693, with apparent approval, but with the added comment that, whether the same rule would apply to a promise to convey land, or whether it would apply when the memorandum undertakes to set out a consideration and leaves it indefinite and uncertain, needed not to be decided in that case.” (Emphasis added)
The result in Hepburn v. Chapman was changed on rehearing becattse of a point previously overlooked, but the points raised in the original opinion were expressly adhered to.
The amended complaint which was dismissed by the lower court alleged that the promise of Appellee was made in writing as set forth in the letter attached to the Complaint and that there was a new and independent consideration, as alleged in paragraph 4 of the amended complaint, which paragraph is previously set forth above. We feel that the amended complaint sufficiently alleged a cause of action *518 and that the lower court was in error in holding that the written promise must recite the consideration before there would be a cause of action.
The Order of dismissal is reversed and the cause remanded for proceedings not inconsistent with this opinion.
Reversed.
SHANNON, Acting C. J., and ANDREWS, J., concur.