440 So.2d 640 (1983)
Leila J. EVANS, Guardian of the Person and Property of Virginia Searcy Barr, an Incompetent, Appellant,
v.
Howard A. PARKER, a/K/a Howard A. Parker, Sr., Appellee.
No. AR-304.
District Court of Appeal of Florida, First District.
November 16, 1983.
Michael Wm. Mead, Fort Walton Beach, for appellant.
*641 Richard H. Powell, of Estergren, Fortune, Anchors & Powell, Fort Walton Beach, for appellee.
ZEHMER, Judge.
The issue in this case is whether the trial court erred in dismissing with prejudice Count I of appellant's third amended counterclaim. We reverse.
In his motion to dismiss, appellee (Parker) contended that appellant's (Barr's) counterclaim was barred by the statute of limitations and the statute of frauds. Both are affirmative defenses which cannot properly be raised by a motion to dismiss unless the complaint affirmatively and clearly shows the conclusive applicability of such defense to bar the action. Rule 1.110(d), Florida Rules of Civil Procedure; e.g., Jackson Grain Co. v. Kemp, 177 So.2d 513 (Fla. 2d DCA 1965); Glass v. Armstrong, 330 So.2d 57 (Fla. 1st DCA 1976); 40 Fla.Jur.2d, Pleadings, §§ 171, 172. For this reason, we must analyze Barr's pleadings, construing the allegations most favorably to her position, to see if these defenses so clearly appear on the face of the counterclaim.
In the original complaint that commenced this action, Parker alleged that Barr had breached an oral contract made by them on May 1, 1974, concerning the conveyance of certain jointly owned property to one Clary to satisfy a debt owed by Barr to Clary. The complaint further alleged that Barr agreed to obtain an appraisal of the property and to pay the value of Parker's proportional interest to him, but that Barr failed to do so. Thus, Parker sought damages for this amount.
In her answer, Barr denied the correctness of Parker's allegations concerning the terms of their oral agreement. Construing Barr's allegations most favorably for her, as we must, she alleged in her affirmative defense and counterclaim that at the time of the alleged transaction Parker was indebted to her for $50,000 attorney's fees for services performed by her for Parker through the year 1972 and, further, that Parker's execution of the deed and conveyance of the property pursuant to that oral agreement was in partial payment of this indebtedness. Thus, Barr contends, under the oral agreement of May 1, 1974, Parker was paying a debt he acknowledged owing to her and that he continues to owe her the remaining balance of that debt.
On this appeal, Parker contends that Barr's cause of action asserted in the counterclaim accrued in 1972, more than four years before this action to enforce it was brought, and thus is barred by the applicable statute of limitations. Apparently, the trial court accepted this contention in granting the motion to dismiss, although the order of dismissal does not specify any particular ground.
We find it unnecessary at this stage to decide when Barr's claim against Parker actually accrued. Because Barr's counterclaim regarding the oral agreement appears to have arisen out of the same transaction as that alleged in Parker's complaint, the counterclaim is best characterized as compulsory, i.e., in the nature of a claim for recoupment, and, therefore, is not barred by the statute of limitations. Cherney v. Moody, 413 So.2d 866 (Fla. 1st DCA 1982). Since the matters alleged in the counterclaim constitute a valid defense to Parker's complaint, as well as a valid affirmative action for damages,[1] the judgment for Parker must be reversed unless the dismissal of the counterclaim can be sustained under the statute of frauds defense.
The conclusive applicability of the statute of frauds likewise does not clearly and unequivocally appear on the face of the counterclaim. It is axiomatic that partial performance of an oral contract removes such contract from the statute of frauds. 27 Fla.Jur.2d, Frauds, Statute of, § 12. There is a dispute as to the terms of and *642 consideration for the alleged oral contract, and it is clear from the pleadings that the contract has been partially performed by reason of the conveyance. Accordingly, dismissal of the counterclaim cannot be sustained on this ground.
The remaining grounds in appellee's motion to dismiss have not been urged on appeal as sufficient to support the order of dismissal.
The judgment is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.
MILLS, J., concurs.
SHIVERS, J., dissents with opinion.
SHIVERS, Judge, dissenting.
I dissent. I would affirm. The majority characterizes Barr's counterclaim as compulsory, that is, in the nature of a claim for recoupment. I disagree and would characterize Barr's counterclaim as permissive, thereby eliminating Barr's claim since the applicable statute of limitations has run.
It is axiomatic that each case must be determined upon its particular facts to determine if a counterclaim is compulsory or permissive. In order for a counterclaim to be compulsory, it must arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Rule 1.170, Fla.R.Civ.P. Thus, sub judice, if Barr's and Parker's demands sprang from the same transaction, Barr would have had to present her claim regardless of the amount and the jurisdiction of the court. See Metropolitan Casualty Ins. Co. of New York v. Walker, 151 Fla. 341, 9 So.2d 361, 362 (1942). It does not appear that Barr's claim for legal services rendered from 1970 through 1972 sprang from the conveyance in 1974 of Parker's interest in the property which was the subject matter of Parker's suit. Rather, it appears Barr's claim sprang from the rendering of such legal services, a separate transaction, the termination and rescission for payment of which occurred in December of 1972. The allegations of Barr's counterclaim, therefore, are insufficient to demonstrate that Parker's and Barr's claims arose from one transaction, even giving that word the broad definition to which it is entitled. Metropolitan Casualty Ins. Co. of New York v. Walker, supra.
I also note that the operative facts and the issues raised by the respective parties' claims are not largely the same. Barr's counterclaim requires a prior determination of issues not raised by Parker's complaint, e.g., whether legal services actually were rendered by Barr, whether a contract for such services existed, written or oral, and if so, the terms of this contract, and so forth.
For the above stated reasons, I would deem the counterclaim pleaded by Barr as permissive. As a result thereof, the statute of limitations would apply to Barr's counterclaim asserted some seven years after her cause of action accrued on the alleged contract.
NOTES
[1] While the parties have not directly addressed the order striking Barr's affirmative defense raising this same issue, our decision on the counterclaim makes that ruling erroneous also. Rule 1.110(d), Florida Rules of Civil Procedure, permits a designated counterclaim to be treated as a defense where appropriate.