460 So.2d 1027 (1984)
Judd GILBERT, Appellant,
v.
OIL CONSERVATIONISTS, INC., Barry Paul and Paul V. De Bianchi, Appellees.
No. 84-1052.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Joyce A. Slater, Sunrise, for appellant.
Harry G. Carratt of Morgan, Carratt & O'Connor, Fort Lauderdale, for appellee DeBianchi.
WALDEN, Judge.
Judd Gilbert, a qualified stockholder, sued Oil Conservationists, Inc., Barry Paul, the corporate president and sole director, and Paul V. DeBianchi, the corporate attorney, an authorized agent. Gilbert sought to examine the corporate books and records pursuant to Section 607.157(4), Florida Statutes (1983), and was refused by the three defendants. Gilbert then sought to impose the penalties prescribed by Section *1028 607.157(5), Florida Statutes (1983).[1] DeBianchi filed a motion to dismiss for failure to state a cause of action as to him. The motion was granted. Gilbert appeals. We reverse.
Most obviously, the gaze of the trial court is limited to the four corners of the complaint, its allegations taken as true, when considering the merits of a motion to dismiss. Green v. Savin, 455 So.2d 494 (Fla. 3d DCA 1984).
Here the complaint alleged that DeBianchi was the attorney for and authorized resident agent of the corporation. It further alleged that DeBianchi had custody of the various books and records in question.
We feel that the terms of the statute were adequately met by the complaint and that it was error to dismiss DeBianchi from the action. Padovano v. Wotitzky, 355 So.2d 871 (Fla. 2d DCA 1978). Moreover, if DeBianchi has an affirmative defense, he may yet assert it and it would be premature for the trial court to adjudicate it on a motion to dismiss before it is pleaded.
Reversed.
HURLEY and DELL, JJ., concur.
NOTES
[1] Section 607.157(5) provides:

(5) Any officer or agent who, or corporation which, shall refuse to allow any such shareholder or holder of voting trust certificates or his agent or attorney so to examine and make extracts from its books and records of account, minutes, and record of shareholders for any proper purpose shall be liable to such shareholder or holder of voting trust certificates in a penalty of 10 percent of the value of the shares owned by such shareholder, or in respect of which such voting trust certificates are issued, in addition to any other damages or remedy afforded him by law. It shall be a defense to any action under this section that the person suing therefor has within 2 years sold or offered for sale any list of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, has aided or abetted any person in procuring any list of shareholders or of holders of voting trust certificates for any such purpose, has improperly used any information secured through any prior examination of the books and records of account, minutes, or record of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, or was not acting in good faith or for a proper purpose in making his demand.