508 So.2d 513 (1987)
ALEXANDER HAMILTON CORP., a Florida Corporation, Appellant,
v.
Gerald A. LEESON, et Ux., Appellees.
Nos. 85-2668, 4-86-0442.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
Reed B. McClosky, Fort Lauderdale, for appellant.
Robert A. Plafsky, Fort Lauderdale, for appellees.
PER CURIAM.
We reverse the final judgment which dismissed the complaint of Alexander Hamilton Corp. with prejudice, "as said complaint is barred by the Statute of Limitations as appears on the face of the complaint," and which judgment awarded costs and attorney fees to Mr. and Mrs. Leeson.
Under Florida Rules of Civil Procedure 1.110(d), the Leesons should have raised their affirmative defense of statute of limitations in their answer and not via a motion to dismiss. Cook v. Central and Southern Florida Flood Control District, 114 So.2d 691 (Fla. 2d DCA 1959). The purpose of a motion to dismiss is to test whether a plaintiff has alleged a good cause of action in the complaint and, therefore, consideration of defendant's affirmative defenses or the sufficiency of the evidence is irrelevant and immaterial in deciding a motion to dismiss. Parkway General Hospital, Inc. v. Allstate Insurance Company, 393 So.2d 1171 (Fla. 3d DCA 1981).
Regardless of the just stated salutary principles of pleading which promote harmony and order, some courts have created an exception to the effect that the statute of limitations can be raised by a motion to dismiss, if the complaint affirmatively and clearly shows the conclusive applicability of such defense as a bar to the action. Toledo Park Homes v. Grant, 447 So.2d 343 (Fla. 4th DCA 1984); and Evans v. Parker, 440 So.2d 640 (Fla. 1st DCA 1983). Honoring the exception, we have examined the complaint and find that it does not qualify for the exception. We are of the opinion, in light of the allegations found in the complaint, that the issues here should be developed in the ordinary course, with the Leesons pleading their affirmative defenses in their answer as they are advised and with Alexander Hamilton Corp. being then allowed to amend or respond by way of avoidance as they may be able. See Government Employees Insurance Co. v. Wheelus, 319 So.2d 181 (Fla. 4th DCA 1975).
Finally, since the judgment is here reversed and the complaint reinstated, it follows *514 that the award of costs and attorney fees must fail, and that any such award be deferred and considered only at such time as the cause shall be finally terminated.
REVERSED.
DELL, WALDEN and STONE, JJ., concur.