DELL, Judge.
Bessie Truitt appeals an order that dismissed her complaint with prejudice. She contends the trial court erred when it concluded from the allegations in her complaint that the statute of limitations barred her action. We agree and reverse.
Appellant alleged she suffered damages because of fraud arising from three residential mortgages procured on her behalf by appellee in 1982, 1983 and 1984. She claims appellee, as part of the mortgage transaction, required that she purchase credit life insurance and procure an appraisal of her home by companies in which appellee had a substantial ownership interest. On June 28, 1991, appellant filed her complaint alleging she did not discover ap- *143 pellee’s fraudulent practices until she learned the State of Florida Department of Banking and Finance on May 16, 1988, had filed an administrative complaint alleging violations of the Florida Mortgage Broker’s Act (“Act”). Appellee moved to dismiss the complaint based upon the expiration of the statute of limitations. At a hearing[1] on this motion, the trial court dismissed the complaint with prejudice.
Appellee argues that since the Act was in effect when appellant executed these mortgages, she should be held to have discovered the alleged fraud at that time. We reject this argument. Appellant has alleged a fiduciary relationship with appellee and a reliance upon appellee’s compliance with the Act. Therefore, appel-lee’s violation of its alleged fiduciary duty to disclose information adverse to appellant’s interests, if proved, amounted to fraudulent concealment which tolled the statute of limitations. First Fed. Sav. & Loan Assoc. of Wis. v. Dade Fed. Sav. and Loan Assoc., 403 So.2d 1097 (Fla. 5th DCA 1981).
We recognize the statute of limitations may be asserted in a motion to dismiss if the facts constituting the defense appear on the face of the complaint. Alexander Hamilton Corp. v. Leeson, 508 So.2d 513 (Fla. 4th DCA 1987). Appellant, however, alleged appellee violated its fiduciary duty and that she did not learn of appellee’s fraudulent practices until sometime after May 16, 1988, the date that the State filed its administrative complaint against appellee. These allegations preclude a determination from the face of the complaint that the statute of limitations barred appellant’s action for fraud. Id.
Accordingly, we reverse the trial court’s dismissal of appellant’s complaint with prejudice and remand this cause to the trial court with instructions to reinstate the complaint.
REVERSED and REMANDED.
GLICKSTEIN, C.J., and STONE, J. concur.

. We note both parties submitted conflicting Statements of the Case. Appellee states, “Prior to entering said order the court inquired of Plaintiff’s counsel if any basis could be alleged for tolling the statute of limitations, ...” On the contrary, appellant states, "Prior to entering said order the court inquired of Plaintiff s counsel if any other basis could be alleged for tolling the statute of limitations, ...” Although the trial court did not enter an order of reconstruction, we deem it immaterial to the disposition of this appeal.