621 So.2d 718 (1993)
GAMMA DEVELOPMENT CORPORATION, a Florida corporation, Appellant,
v.
Paul B. STEINBERG, and the Law Offices of Steinberg, Merlin & Slewett, P.A., Appellees.
No. 92-0393.
District Court of Appeal of Florida, Fourth District.
May 26, 1993.
Robert A. Eisen, Boca Raton, for appellant.
*719 Robert H. Yaffe, Miami Beach, for appellees.
ROSS, J., Associate Judge.
This is an appeal of a dismissal with prejudice of a complaint for civil theft and conversion.
Appellant Gamma originally filed an action against defendants Michael Gouin, Paul B. Steinberg and the Law Offices of Steinberg, Merlin & Slewett for breach of contract and to establish and foreclose an equitable lien against the escrow account of the Law Office. Gamma claimed the escrowed funds held by the Law Office were due from Gouin to Gamma for the payment of a promissory note. Through discovery, it was learned that the escrowed funds were removed from the Law Office escrow account and applied against an outstanding attorney fee bill owed from Gouin to the Law Office. Gamma then amended its complaint to include counts of civil theft and conversion against the Law Office and Steinberg. Steinberg and the Law Office ultimately filed a motion to dismiss the complaint and to interplead the funds into the registry of the court.
A hearing was held upon appellees' motion to dismiss. The motion to dismiss was granted with prejudice and rehearing was denied. The trial court did not articulate or state its reasons for the dismissal with prejudice.
A motion to dismiss a complaint is solely to determine whether the complaint has alleged a cause of action upon which relief can be granted. Alexander Hamilton Corporation v. Leeson, 508 So.2d 513 (Fla. 4th DCA 1987). The trial court should look only to the four corners of the pleading and the allegations should be taken as true without regard of ability of pleader to prove the same. Gilbert v. Oil Conservation, Inc., 460 So.2d 1027 (Fla. 4th DCA 1984); Sovran Bank, N.A. v. Parsons, 547 So.2d 1044 (Fla. 4th DCA 1989); Alexander, supra.
Leave to amend should be liberally given and a dismissal with prejudice is not proper unless the privilege to amend has been abused, or it is clear that the pleading cannot be amended to state a cause of action. Dryden v. Bogard, 488 So.2d 672 (Fla. 4th DCA 1986); Kairalla v. Mac Arthur Foundation, 534 So.2d 774 (Fla. 4th DCA 1988); Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984); Horacio O. Ferrea North American Division, Inc. v. Moroso Performance Products, Inc., 553 So.2d 336 (Fla. 4th DCA 1989).
Appellee advanced the argument, that since the disputed funds had been returned (interpled) there was no legal basis to assess damages, and as a result, no cause of action could exist. This argument fails to recognize that nominal damages are available in conversion actions, and treble damages are allowed for civil theft. See § 772.11, Fla. Stat. (1991); see also King v. Saucier, 356 So.2d 930, 931 (Fla.2d DCA 1978) (where a party claims an invasion of a legal right, nominal damages are appropriate) (quoting Hutchinson v. Tompkins, 259 So.2d 129 (Fla. 1972)).
From the record, it cannot be determined that the privilege to amend has been abused. Nor is it clear that the pleadings cannot be amended to state a cause of action.
We reverse insofar as the dismissal is with prejudice.
STONE and POLEN, JJ., concur.