EDWIN T. BUTLER, PLAINTIFF IN ERROR, v. ELIZABETH DAVIS, JAMES W. DAVIS AND HENRY M. GOFF.

1. **Deed:** DESCRIPTION OF PROPERTY. Where G. entered at the United States Land Office at Omaha, Nebraska, the south half of the northwest quarter, and the north half of the southwest quarter of section thirty-five, in township fifteen, north of range twelve east, which tracts of land are shown to be in Douglas county; and afterwards by deed executed in this state he conveyed to P., the south half of the northwest quarter and the north half of the southwest quarter of section thirty-five, in township fifteen, north of range twelve east, without designating the county or state in which the lands are situated, it will be presumed that the deed was intended to convey lands situated in this state.

2. **Ejectment.** In ejectment a plaintiff must recover on the strength of his own title, and cannot rely on the weakness of the title of his adversary, unless he can show a superior right in himself.

ERROR to the district court of Douglas county. Tried below before LAKE, CH. J. The case is stated in the opinion.

*W. O. Bartholomew*, for plaintiff in error.

If the deed from Galligher to Patton fail, the conveyances subsequent to it in the defendants' chain of title fail, and their claim to the property in question is ended. The plaintiff objected to the admission of the deed, because the description in it did not describe the premises in suit; and because it did not describe any property, and was void for uncertainty. While naming a township and range, there was no reference to a meridian, town, city, village, county, or state. If the language employed leave an entire uncertainty as to the whereabouts of the property, the court is not at liberty to make the deed such as in its judgment it ought to have been; all that the court can do is to declare it void. *Worthington v. Hylyer*, 4 Mass., 196. *Bosworth v. Farenholz*, 3 Iowa,

84.    *Tollenson v. Gunderson*, 1 Wis., 113.    *Jackson v. Rosevelt*, 13 Johns., 96.    *Peck v. Mallams*, 10 N. Y., 509.    *Brown v. Guice*, 46 Miss., 299.    *Thayer v. Torrey*, 37 N. J., L., 339.    *Gault v. Woodbridge*, 4 McLean, 329.

The conveyances passed upon in the decisions above quoted from and cited, are those of private persons or of sheriffs.    In the following cases, we have tax deeds held to be fatally defective, as tested by the rule laid down by C. J. Parsons.    *Haven v. Cram*, 1 N. H., 93.    *Larrabee v. Hodgkins*, 58 Me., 412.    *Ronkendorff v. Taylor's Lessee*, 4 Peters, 349.

*Brown & Thurston*, for defendants in error.

There is no doubt but what parol evidence is admissible to apply the description in a deed to its subject matter, or to render the description certain.    2 Phillips on Evidence, 644, note.    *Dodge v. Potter*, 18 Barb., 193. *Carnley v. Stanfield* 10 Texas, 546.    *Abbott v. Pike*, 33 Maine, 204.    *Bates v. Bowers*, 17 Miss., 550.

In this case the ambiguity is clearly a latent one; the description is perfect in itself the same as to deed "black acre;" but by looking outside of the deed we find that perhaps there may be more than one tract with the same description; then evidence is admissible to determine what particular piece of land with that description was intended.    *Dougherty v. Purdy*, 18 Ill., 206.    *Clark v. Powers*, 45 Ill., 283.    *Colcord v. Alexander*, 67 Ill., 581.    2 Hilliard on Real Property, 345.    *Mecklem v. Blake*, 19 Wis., 397.

That such a failure of description does not avoid the deed is expressly held in the cases last cited, and also in the following, which are all similar to the one at bar. *Beal v. Blair*, 33 Iowa, 318.    *Atwater v. Schenck*, 9 Wis., 160.    *Russell v. Sweezey*, 22 Mich., 236.

None of the cases cited by the plaintiff go to disprove

this proposition—most of his cases are in regard to tax deeds, which are to be construed against the grantee in favor of the sovereignty—while an ordinary deed between parties is to be construed against the grantor. *Haven v. Cram*, 1 N. H., 93.

MAXWELL, J.

John H. Galligher entered at the United States land office at Omaha, Nebraska, the south half of the northwest quarter and the north half of the southwest quarter of section thirty-five, in township fifteen, north of range twelve east. The date of the entry does not appear, but a patent was issued therefor to Galligher on the second day of July, 1860.

On the 13th day of May, 1857, Galligher, in Douglas county, Nebraska, executed and delivered to A. M. Patton, of the State of Kentucky, a warranty deed for the tracts of land above described; which deed, on the same day, was filed for record in the office of the register of deeds of Douglas county. In the year 1869, the heirs of Patton sold and conveyed the premises in question to H. O. Jones, who, soon thereafter, sold and conveyed the same to Elizabeth Davis, who is now in possession.

On the 17th day of April, 1860, the plaintiff commenced an action in the district court of Douglas county, against John H. Galligher, to recover the sum of $698.14 and interest thereon, and the lands above described were attached as the property of Galligher. In November of that year, judgment was recovered for the amount of the claim, and the lands in question ordered sold to satisfy the same. The lands were sold under the judgment in the year 1861, to the plaintiff, who received a deed therefor from the sheriff of Douglas county. The plaintiff paid the taxes on the land until the year 1869.

The grounds on which the plaintiff seeks to recover are purely technical. It is clearly shown that Galligher

entered the lands in controversy, and that they are situated in Douglas county; it also appears that on the 13th day of May, 1857, he conveyed the same, by warranty deed, to A. M. Patton. It is true, there is no designation in the deed of the county or state in which the lands are situated; but the deed was signed and acknowledged in Douglas county, and immediately thereafter filed for record in the office of the register of deeds of that county; and the defendants are in possession of the premises, claiming possession to the same under the deed in question.

In *Harding v. Strong*, 42 Ill., 149, the deed offered in evidence described the premises intended to be conveyed as lot five, in block one, in Haley's addition to the city of Monmouth, without stating what state, the court say: "It is first insisted that the court cannot know that the lot in controversy is in the city of Monmouth, Illinois. The court will take notice that the city of Monmouth is in Warren county, in this state. And when the deed was read in evidence, describing a tract of land as lot five, in block one, in Haley's addition to the city of Monmouth, the presumption would be that it was in Monmouth in this state."

The plaintiff introduced in evidence a duly certified copy of the patent from the United States to Galligher, for the lands in controversy. It is but reasonable to suppose that Galligher's deed to Patton was intended to convey these lands, and we must presume such to have been the intention. The deed from Galligher to Patton was, therefore, properly admitted in evidence.

This is decisive of the case. No attempt has been made to impeach the deed from Galligher to Patton. Galligher had no title to the premises, as shown by the records of Douglas county, at the time the attachment was levied. The plaintiff, therefore, acquired no title from the sale under the judgment.

In an action of this kind, the plaintiff must recover on the strength of his own title; and it will not do for him to rely upon the weakness of the title of his adversary, unless he can show a superior right in himself.

Objections were made to the testimony of certain witnesses on the trial. In the view we take of the case, their testimony was not material, and the plaintiff was not injured thereby.

The judgment of the district court is clearly right and must be affirmed.

JUDGMENT AFFIRMED.