DANIEL J. CONROY AND KATE H. CONNALLY, PLAINTIFFS
IN ERROR, v. OWEN PRESTON WOODCOCK, DEFENDANT IN
ERROR.

1.  In a written memorandum dated Jacksonville, Florida, a
    description of the land to be sold as lots 2, 3, 4, 5, 10, 11,
    12, 13 in block 62, Springfield, satisfies the statute of
    frauds to be admitted in evidence in action for breach of
    contract, when supplemented by offer to remove by parol
    any uncertainties.

2.  A written memorandum for sale of land need not specify
    the interest to be conveyed; the presumption being that
    it is a fee simple.

3.  The consideration for sale of land in a "note or memoran-
    dum" satisfies the statute where the total is given, one-
    fourth whereof is to be paid as provided therein and the
    "balance to be paid in one, two and three years respect-
    fully at 6 per cent interest." The presumption is that
    equality of payment is intended and it is not necessary to
    set forth the nature or details of the security.

4.  A "note or memorandum" for the sale of land is not void
    on its face because part of the consideration is to be in
    the form of "a note (negotiable)."

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the
court.

*Bisbee & Bedell,* for Plaintiffs in Error.

*John W. Dodge,* for Defendant in Error.

COCKRELL, J.: At the trial for breach of contract in the circuit court the plaintiff tendered in evidence the written contract, offering to supplement by parol testimony any uncertainties therein. This tender was rejected upon certain specified objections thereto based on the statute of frauds, and the plaintiffs taking a non-suit with a bill of exceptions a judgment of *nil capiat* was entered.

The memorandum is as follows:

"Jacksonville, Florida, April 19, 1905.

Received of D. J. Conroy & K. H. Connally ($100) one hundred dollars to apply on purchase price of lots 2-3-4-5-10-11-12-13 in block 62, Springfield. Purchase price of lots ($3200.00) thirty-two hundred dollars. Five hundred dollars of which is to be paid by note (negotiable) upon delivery of Springfield Co. agreements to D. J. Conroy & K. H. Connally. Balance of purchase moneys to be paid in one, two and three years respectfully at 6 per cent. interest. Two hundred dollars cash to be paid upon delivery of papers.                    O. P. WOODCOCK."

Five objections were interposed to the introduction of this instrument. These are:

"1.  The writing is vague, indefinite and uncertain in not stating how the installments provided for therein are to be paid, in which amount each installment is to be paid, how such installments are secured or the interest to be paid, and the writing is insufficient as a memorandum within the statute of frauds.

2. The writing is vague, indefinite and uncertain as to the description of the property referred to, and insufficient as a memorandum within the statute of frauds.

3. The writing does not set forth the vendor, but is a mere receipt for money, and does not show who is to

sell the alleged property or who is charged with a contract for sale thereof.

4. The writing does not set forth the interest in the land to be conveyed, whether in fee, for life or for years, and the same is insufficient under the statute of frauds.

5. The writing shows that some of the details of the contract remained to be settled between the parties, and it is insufficient under the statute of frauds.

The third objection was abandoned on the oral argument in this court and need not be further noticed.

That the description of the property is sufficient in that it particularizes the land from other lands so as to be located with accuracy with the aid of parol evidence not inconsistent with the description is settled in this state upon the authority of Lente v. Clarke, 22 Fla. 515, and the cases therein cited.

The overpowering presumption in these days and in this state is that when land is to be purchased the parties to the contract have reference to a fee simple title. In feudal England, in the earlier days at least, much of the land was held under various forms of service and tenure, life and other freehold estates, ground leases and the like, but in this country but few transactions comparatively involve a less estate than a fee simple. In recognition of this fact the legislature in 1903 abolished the necessity for words of limitation in order to create such an estate. No authority in point is cited us in support of this objection and we refer merely to Hughes v. Parker, 8 Mees. & W. 244; Bodley v. Ferguson, 47 Cal. 511; DeFraunce v. Brooks, 8 Watts & S. (Pa.) 67.

Is the memorandum insufficient in not stating how

the installments are to be paid, the amount of each, how to be secured and the rate of interest?

The full consideration for the land is stated to be thirty-two hundred dollars—of this one hundred dollars was paid in cash. Five hundred dollars to be in the form of a negotiable note to be given whenever the defendant would deliver the Springfield agreement; two hundred dollars upon delivery of papers and the balance in one, two and three years respectively at 6 per cent. interest. It is argued that there is uncertainty as to the amount of the several annual payments to be made and that the division of the payment into three annual payments does not necessarily mean equal payments. In behalf of the plaintiff in error it is argued, first, that it is unnecessary in this state that the consideration be included in the memorandum, and, secondly, that if it be necessary the consideration is sufficiently stated.

In Dorman v. Bigelow, 1 Fla. 281, it was decided that in the case of a promise to answer for the default of another the consideration need not be stated. Whether the same rule applies to a promise to convey land or whether it applies when the memorandum undertakes to set out a consideration and leaves it indefinite and uncertain need not now be decided. We are of the opinion that the consideration is here sufficiently set out to make the paper admissible in evidence. The whole consideration is definitely stated at $3200.00. The only possible doubt that can arise is to the time of payment and the nature of the security. Are not these mere matters of detail which in the nature of things need not be set forth in a "note or memorandum?" If it were necessary that the writing should contain the fact that a con-

tractual mortgage rather than a vendor's lien were contemplated, would it not be necessary to go still further and provide the various details of the mortgage as to attorney's fees, insurance, taxes and the like? It would seem rather that general provisions are more to be desired in such writings than specific details, but in enumerating the details some may be omitted which being of higher dignity than those named would bring about further confusion and create the necessity for further construction.

There is no insuperable objection to the use of the term "note (negotiable)." The term is frequently used in banking and mercantile circles and the court can easily obtain evidence as to such usage.

The memorandum provides for the payment of one-fourth of the agreed purchase by the time the Springfield Company agreements are delivered. There is no necessary ambiguity as to what this means, and proof of the exact agreement was not permitted to be made. As to the remaining three-fourths the writing provides that it shall be "paid in one, two and three years respectfully at 6 per cent. interest." No point is made on the use of the word "respectfully" instead of the evidently intended word "respectively," but it is urged that there is a fatal ambiguity in that it is left uncertain how much was to be paid at the end of each year, in other words that equality of payments was not necessarily implied. In Cossitt v. Hobbs, 56 Ill. 231, and Barry v. Coombe, 1 Pet. 640, contracts containing similar provisions were sustained, though the precise point does not appear to have been made. As against these are cited cases which hold that a contract is void when there is an agreement for

credit but no time for payment is named or such time is to be subsequently agreed upon between the parties. The case of Ross v. Allen, 45 Kan. 231, 25 Pac. Rep. 570, 10 L. R. A. 835, is more in point. There the court declined to specifically enforce a contract wherein the payments of the $8000 purchase price were to be made "two thousand to be paid when abstract and title is furnished, two thousand in ninety days, and balance two years, with interest at 8 per cent.; abstract to be furnished within 30 days." It is uncertain what the decision of that court would have been, had this been the only objection interposed to an action at law upon the contract, where less certainty is required (Fry v. Platt, 32 Kan. 62, text 65, 3 Pac. Rep. 781), having first held that the contract was not signed by the party to be charged and next that the property was not sufficient to satisfy the statute described, the court might well have stopped and refused to sustain a decree for specific performance; but it proceeds with the statement that the writing is vague and uncertain with respect to the terms and conditions of the contract, and nothing appears with reference to the promissory note and mortgage required or to any other security for the deferred payments as decreed. No authority is cited, but in the brief of counsel appear citations of two Kansas cases in both of which there was an agreement for credit but no time named, and both are cases of specific performance.

We feel free to follow the solemn adjudication of the supreme court of the United States and the supreme court of Illinois upon the sufficiency of the terms of payment here employed, especially as they accord so well with what the average man would understand on reading the

contract. Upon its face it indicates three annual payments of equal amounts, and upon its face the contract is admissible.

Upon the trial when the court is put into full possession of the surrounding circumstances of the parties such ambiguities may be disclosed as to cause the contract to be withdrawn from the jury, but as the contract now appears to us it sufficiently satisfies the statute of frauds.

The judgment is reversed.

SHACKLEFORD, C. J., and WHITFIELD, J, concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.