CORINE HARVEY, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF W. H. HARVEY, DECEASED, *Appellant,* v. SARAH ANN HAYES, *Appellee.*

Opinion filed March 3, 1916.

1.  Specific performance may be decreed against a conditional vendor who accounts to the vendee for the rents of a city lot, the vendor's letters showing the contract in detail, except as to the identity of the lot, and the tenant being advised by the vendor of the change of ownership.

2.  The suit for specific performance was brought with reasonable promptness.

3.  In the absence of the assignment of cross-errors, an appellee may not be heard to complain.

Appeal from the Circuit Court, Escambia County; J. Emmet Wolfe, Judge.

Decree affirmed.

*Watson & Pasco,* for Appellant.

*R. P. Reese* and *E. D. Beggs,* for Appellee.

CockRELL, J.—This is an appeal from a decree awarding specific performance of a contract to convey a lot in the city of Pensacola, and other relief.

It is argued by the appellant that there was insufficient showing of a change of possession to avoid the statute of frauds.

Omitting wholly the testimony of the appellee, an incompetent witness by reason of the death of W. H. Harvey, the evidence shows without contradiction that Harvey in his life time, leased the property for Sarah to a tenant, whom he told that Sarah was the owner and he was only the agent. Assuming that this statement would not in and of itself be a sufficiently notorious change of possession, there are numerous letters written by Harvey in which he refers to the contract of sale, with every element mentioned as to terms of payment, calling the property "your house," and speaking of the rentals he had collected from it for her. The only occasion for going outside these writings was to show with certainty what was meant by "your house," "the place," and as to this the oral proof was manifest; any possible ambiguity in the contract was positively removed by the parties themselves, and the testimony of the tenant put in actual possession by the owner of the legal title that the real ownership was in the conditional vendee, should not be held violative of the statute of frauds.

The suit was brought with reasonable promptness. There is some doubt as to when the conditional vendee was entitled to specific performance, the payments being made spasmodically either directly from the vendee to the vendor, or in the way of rents collected by the latter; the vendee is apparently an unlettered negro woman, who much of the time was out of the State. Demand was made upon Harvey for a deed, only a week before his death, but he put her off upon the plea of his physical condition, and suit was brought with reasonable promptness against his administratrix after his death.

Appellee complains of an allowance to the administratrix, but she has not assigned cross-errors as required by the rule, and therefore may not be heard. Morgan v. Jones, 52 Fla. 543, 42 South. Rep. 242.

The decree is affirmed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

WHITFIELD, J., absent on account of sickness.