W. F. Fox, *Appellant*, v. H. Korshinsky, *Appellee*.

Division A.

Opinion filed April 9, 1929.

*Lilburn R. Railey*, for Appellant;

*Evans & Mershon* and *Thos. M. Johnston*, for Appellee.

Ellis, J.—This suit is for the specific performance of a contract for the sale of land. The contract is in writing. It

was attached to the bill made a part of it and marked Exhibit "A". The contract is as follows:

## "EXHIBIT 'A'

CITIZENS LOAN & SAVINGS CO.

201 W. Flagler Street.                                    Phone 4341

### *REAL ESTATE*

*Agreement of Purchase*

Miami, Fla. 9-17-1924.

I hereby offer, and agree to purchase through the Citizens Loan & Savings Co., agents or owner, the following described property:

Lot 13, Block M, Riverview Sub.

and to pay $3,000.00 for same in the following manner, $1,100.00 cash, and the balance as follows: $1,900— Pay 1, 2, 3 years and assume all city liens.

This deal to be closed at once. And I herewith tender $100.00 as deposit to apply on the purchase price of the above mentioned property if accepted by the owner, with the understanding that the same is to be returned to me provided the proposition is not accepted.

H. KORSHINSKY,

J. M. BROWN, *Witness.*

## ACCEPTANCE

I hereby accept the above offer, and agree to same, and acknowledge receipt of $100.00 of the above amount, and agree to pay the Citizens Loan & Savings Co. when the deal is consummated, $150.00 being 5% of the sale price.

W. F. FOX.

Witness: BROWN, Salesman for the Citizens Loan & Savings Co."

A general demurrer to the bill was interposed. The grounds of which are that the contract is not sufficient under the statute of frauds to entitle the complainant to specific performance; that the description of the property is insufficient; that there is a variance in the description of the property as set out in the bill from that set out in the contract; that the complainant did not tender payment or delivery of the mortgage provided for in the contract and that the bill shows that the defendant is a married man and his wife did not join in the execution of the contract.

The demurrer was overruled and the defendant appealed.

There was no error.

While the wife did not execute the contract with her husband the bill alleges that the complainant did not know the defendant was married and ·offered to accept a deed from the defendant alone without abatement of price for the value of the wife's dower. See Fisher v. Miller, 92 Fla. 48, 109 So. R. 257; Bland v. Knoblock, 92 Fla. 254, 109 So. R. 415; Rundel v. Gordon, 92 Fla. 1110, 111 So. R. 386.

The allegations of the bill as to complainant's willingness and ability and readiness to comply with the contract on his part are sufficient and meet with the requirements of good pleading especially as it appears that the defendant said to the complainant that he could not deliver the property and would not do so. The allegations of the bill with respect to the tender are sufficient. See Taylor v. Mathews, 53 Fla. 776, 44 So. R. 146; Orlando Realty Board Bldg., Corp. v Hilpert, 93 Fla. 954, 113 So. R. 100.

As to the variance in description of the property between the allegations of the bill and contract, the latter is made a part of the bill and is incorporated in it; so that if the description is sufficiently clear it answers the re-

quirements of correct pleading in that regard. The terms of the contract are definite. The price was to be $3,000.00 of which $1,100.00 was to be paid in cash and the balance, $1,900.00 payable in one, two and three years; purchaser to assume all city liens. $100.00 was paid on account; nothing said about interest nor in what sums the deferred payments were to be made. But it seems to us that is not sufficient to render the contract obnoxious to the requirements of the rule. The purchase price and time of payment are sufficiently specified. The description of the property to be conveyed is sufficient under the rule. See Simmons v. Tobin, 89 Fla. 321, 104 So. R. 586.

The order overruling the demurrer is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

STRUM AND BUFORD, J. J., concur in the opinion and judgment.

STRUM, J., (concurring)—I concur in the view of MR. JUSTICE ELLIS that the description contained in the memorandum here in question is a sufficient compliance with the Statute of Frauds. While the court can not take judicial notice of the location of a private sub-division (see Reed v. Howell, 118 So. R. 208), and while the contract here involved does not expressly set out the County and State in which "Riverview Sub." is situate, the memorandum does show upon its face that it was executed at Miami, Fla. The Court, of course, takes judicial notice that Miami is in Dade County. As a general rule, where the memorandum of the contract definitely shows upon its face where it was made, a rebuttable presumption of fact arises that the land therein referred to is located where the contract is made. In this case therefore the rebuttable presumption of fact is, that "Riverview Sub." is situate in Miami, Dade

County, Florida. Where that *prima facie* presumption is invoked in aid of the description appearing in the memorandum here involved, that Statute of Frauds is satisfied, so that the bill of complaint is good as against general demurrer. Ansley v. Graham, 73 Fla. 388, 74 So. R. 505; Conroy v. Woodcock, 53 Fla. 582, 43 So. R. 693; Horton v. Murden, 43 S. E. R. 786; Butler v. Davis, 5 Neb. 521; Robeson v. Hornbaker, 3 N. J. Eq. 60; McKevitt v. City of Sacramento, 203 Pac. R. 132; Ross v. Purse, 28 Pac. R. 473; Kilday v. Schancupp, 98 Atl. R. 335; Pomeroy's Specif. Perf. (3rd Ed.) Sec. 90, p. 222, and cases there cited. Of course, where the memorandum is not dated at any particular place, no inference is to be drawn as to the location of the property as to city, county or state. Weber v. Adler, 143 N. E. R. 95. In Reed v. Howell, *supra,* it was held that the "description" of the property as contained in the alleged contract there involved was uncertain, and the question of whether or not the date line upon that contract reading "Tampa, Florida," would sufficiently aid the uncertain description was not considered, as that case was to be disposed of upon other conclusive grounds.

The terms of payment fixed by the contract, to-wit: "to pay $3,000.00 for same in the following manner, $1,100.00 cash, and the balance as follows: $1,900—pay 1, 2, 3 years and assume all city liens," is also a sufficient compliance with the Statute of Frauds when considered in connection with the established presumption that where the total purchase price and the amount of a definite cash payment is specified, the balance to be paid in deferred payments, the respective periods of maturity of which are also specified, equality of payment is intended, so that in this case the balance would be payable in three equal annual installments, with interest at the legal rate. Conroy v. Woodcock, 53 Fla. 582, 43 So. R. 693.

I therefore concur in the judgment of affirmance.

TERRELL, C. J., AND WHITFIELD, BROWN AND BUFORD, J. J., concur.