GRAND LODGE KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA and AUSTRALIA Jurisdiction of Florida, a Corporation, v. KATIE MOORE.

163 So. 108.

Division B.

Opinion Filed September 2, 1935.

Rehearing Denied October 1, 1935.

*S. D. McGill,* for Plaintiff in Error;
*Holsberry & Holsberry,* for Defendant in Error.

BUFORD, J.—Katie Moore sued Grand Lodge Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia, Jurisdiction of Florida, a Corporation, on an insurance policy in which she was named as beneficiary.

A plea was filed by the defendant to which demurrer was interposed and sustained. Thereupon an amended plea was filed, as well as an amended second plea. The first amended plea admitted the execution and delivery of an endowment policy to Robert Moore, the deceased, and that the same was in effect at the time of his death, and attached a copy of the policy as a part of the plea. It alleged that upon the death of Robert Moore there became due to the plaintiff from the defendant under the policy the sum of $500.00, but not the sum of $600.00, as alleged in plaintiff's declaration. It admitted that the policy has been returned to the home office in Jacksonville by the plaintiff and that it still held the policy and alleged that no demand had been made on the defendant to return the policy to the plaintiff or to her attorney.

The second amended plea was as follows:

"2. And for a second plea to said declaration this defendant says that it is not true that the several sums due the plaintiff under said policy are now payable in full and alleges that the plaintiff should not be permitted to maintain this her cause of action in this, to-wit: That defendant, hereinafter called Defendant Society, is a fraternal Benefit Society incorporated under the laws of the State of Florida, without capital stock. That it is organized and carried on solely for the mutual benefit of its members and their beneficiaries and not for profit and having a lodge system with ritualistic form of work and representative form of government. That it operates an insurance department known as its Endowment Bureau and issues to its several members policies of insurance which constitute the agreement between the members and this defendant, in accordance with the statutes of the State of Florida in such cases made and provided, said policies, however, being subject to the constitution and by-laws of the defendant society and that the policy herein sued upon was and is such a policy issued by this defendant. That each and every member of the defendant society agrees to and his beneficiaries are bound by its constitution and such by-laws as are then in force as well as those that may be thereafter adopted by this defendant. That the policy of insurance herein sued upon and the terms and conditions thereof are subject to the constitution and by-laws of defendant society.

"That while the said Robert Moore was a member of defendant society and while the policy herein sued upon was in full force and effect and subject to the constitution and by-laws aforesaid, there was properly and duly enacted by the defendant society the following by-law, to-wit:

" 'BE IT RESOLVED, That the Endowment Board of this

Grand Lodge shall have 120 days within which to consider all death claims presented to it for payment. No payment of any claim shall be made unless the same has been presented and approved by said Board. Payment shall be made only out of the funds of said Grand Lodge and may be made on an installment plan to be fixed by said Endowment Board. Said plan shall continue within the discretion of said Board, during the financial depression which now prevails all over the country. The action of said Board in such matters shall be final.'

"That thereafter, June 15, 1932, pursuant to said by-law, the Endowment Board at one of its regular meetings adopted and put into full force and effect an installment plan of payment of claims on policies issued by said defendant, in words and figures as follows:

" 'The Board after approval of all claims presented to it, will pay those entitled thereto with interest on all sums remaining from time to time unpaid, on the first of every other month. The sum to be paid each proper beneficiary will be determined by first deducting our bare operating expenses from our gross monthly collections for Endowment purposes. That part of the collections left from the gross will be divided by the gross amount of claims due and payable. By this method of payment it will be possible to pay something on all claims that have been approved by the Board on the first day of every other month.'

"That said plan is now and was at the time of the death of the said Robert Moore and at the time suit was filed in full force and effect and is based on the monthly net income of defendant society and provides for pro rata payment of the net monthly income of defendant society to its several claimants, including the plaintiff, on the policies of deceased members. That since the death of the insured Robert

Moore, under the plan of payment adopted by the Endowment Bureau of the defendant, there has become due and payable to the plaintiff the sum of Forty-five ($45.00) Dollars, which the defendant society had tendered and offered to pay to plaintiff and still tenders and offers to pay, but that the plaintiff refused and still refuses to accept said payment, under the plan of payment herein set out."

To the second amended plea a replication was filed, alleging as follows:

"1. That said defendant Society has never tendered or offered to pay to the plaintiff any sum or sums of money whatsoever as a payment on the amounts claimed in her declaration.

"2. That no monthly payments have been made to the plaintiff by the defendant as provided for by the alleged amended by-laws and resolution of the defendant Society."

On motion of the defendant to strike the replication, the replication was stricken, on the ground that it was not responsive to the plea.

There appears to have been no joinder of issue on either of the amended pleas. On the declaration and the amended pleas the parties went to trial. During the progress of the trial the defendant proffered in evidence certain copies of by-laws of the defendant corporation certified to by the Grand Chancellor and by the Secretary of the defendant corporation. Introduction of these certified copies in evidence was objected to by the plaintiff and the objection was sustained.

It is contended by the appellant that these certified copies of the by-laws were admissible in evidence under provisions of Section 4442 R. G. S., 6406 C. G. L., while it is contended by the defendant in error that before the copies would be admissible it was necessary for the defendant to prove that

it was a fraternal benefit society which came within the purview of the Act. This fact was alleged in the second amended plea and was not denied.

It is also contended by the defendant in error that the Act under consideration was Chapter 6970, Acts of 1915, and that the title to that Act was not sufficient. It is further contended that the Act, if effective, would result in abrogation of contracts. We do not think that either contention is tenable. Considering the first contention that the defendant had not proven that it was a fraternal benefit society, it is well settled that courts will take judicial notice of matters of common historical knowledge relative to fraternal benefit corporation regulated by statute and it is a matter of common knowledge that the Grand Lodge Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia, Jurisdiction of Florida, is a fraternal benefit association or society. In fact, Knights of Pythias is one of the organizations specifically named in Section 4479 R. G. S., 6443 C. G. L., which was Section 29 of Chapter 6970, Acts of 1915, as amended by Chapter 7344, Acts of 1917, and by Chapter 7874, Acts of 1919.

Sections 4429 R. G. S., 6393 C. G. L., 4432 R. L. S., 6296 C. G. L., and Section 4474 R. G. S., 6438 C. G. L., require the filing of articles of incorporation and by-laws of fraternal benefit societies in the office of the State Treasurer and require such societies to do and perform other acts to qualify to do business as an insurance company in this State. These records in the office of the State Treasurer are entitled to judicial cognizance.

In the case of Dutchess Cotton Manufactory v. Davis, 14 Johnson (N. Y.) 238, 7 Am. Dec. 459, it is held:

"Estoppel.—A person entering into a contract with a cor-

poration, under its corporate name, cannot object that it had not been duly incorporated."

And it is further held:

"The only question of doubt that can arise in this case is whether it was not necessary for the plaintiffs to set forth in their declaration, by fit and proper averments, that they had been duly incorporated. But I am inclined to think it was not.

"The general Act relative to corporations for manufacturing purposes (1 R. L. 249) directs the certificate, which is to contain the requisite evidence of the company's having become a body politic or corporate, to be filed in the office of the Secretary of State, and declares that as soon as such certificate shall be so filed, the persons who shall have signed and acknowledged the same, and their successors, shall become a body politic and corporate. This is a public law, and the certificate becomes matter of record. The incorporation ought not, therefore, to be considered a mere private act, since it was under the general law of the State, and the evidence thereof is made matter of record. But the defendant having undertaken to enter into a contract with the plaintiffs in their corporate name, he thereby admits them to be duly constituted a body politic and corporate under such name." * * *

In 23 C. J. 157, it is said:

"Private Corporations and Associations.—In General: Apart from statutes and court rules requiring judicial notice, the courts by applying general principles, take judicial notice of matters of common or historical knowledge relative to corporations, and of all the provisions of public statutes of the State creating, authorizing, regulating, granting rights to, conferring powers or imposing duties upon, or otherwise relating to private corporations, including both

general corporation laws and Acts which are of a private nature but which, either by their own provisions or by the provisions of a general law, are declared to be public Acts. * * *"

The text is sustained by numerous authorities.

As a matter of fact, it appears that the trial judge in the trial of this case took judicial cognizance that the defendant was a fraternal benefit society. His certificate preceding the bill of exceptions is as follows:

"I, L. L. Fabisinski, Judge of the Circuit Court of the First Judicial Circuit of Florida, in and for Escambia County, do hereby certify that during the progress of the cause pending in the said Court, wherein Katie Moore was plaintiff and Grand Lodge Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia, Jurisdiction of Florida, a corporation, a fraternal benefit society, organized under the laws of Florida, was defendant, the following proceedings were had, viz.:"

The other questions attempted to be presented here were not raised in the trial, that is, that the title to Chapter 6970, Acts of 1915, was not sufficient to embrace the provisions of Section 4442 R. G. S., 6405 C. G. L., in that it violates the provisions of Section 16, Article III, of the Constitution. The provisions of the last named section, which was Section 8 of the original Act, certainly come within the purview of the title. Those provisions are matters properly connected with the subject of the Act named in the title. Section 16, Article III, of the Constitution only provides that each law enacted in the Legislature should embrace but one subject and matter properly connected therewith, which subject should be briefly expressed in the title, and no law shall be amended or revised by reference to its title only, but in

such case the Act as revised, or section as amended, should be re-enacted and published at length. The title was:

"An Act Relating to the Regulation, Supervision and Control of Fraternal Benefit Societies in this State."

This chapter was a comprehensive legislative Act creating the law applicable to the regulation, supervision and control of fraternal benefit societies in Florida and the provisions contained in Section 8 thereof were matters properly connected with the subject.

The contention that the Act here under consideration is invalid because it results in the abrogation of a contract is untenable. The record shows that the contract involved in this case was entered into on the 23rd day of May, 1917. It was, therefore, subsequent to the enactment of the statute involved and that statute became and was as much a part of the original contract as if it had been written therein and thereby it became a provision of the contract that the term as originally written could be changed by the adoption of by-laws by the fraternal benefit society. Citizens Ins. Co. v. Barnes, 98 Fla. 933, 124 So. 722; Hayward v. LaBaron, 4 Fla. 404; State v. Tampa Water Works Co., 56 Fla. 858, 47 So. 358; 19 L. R. A. (N. S.) 183; Bryan v. St. Andrews Bay Community Hotel Corp., 99 Fla. 132, 126 So. 142; McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. 961. See Mitchell v. Doggett, 1 Fla. 356.

It is also well settled that competent persons may make contracts as they see fit. See Newsome v. Acacia Mutual Life, etc., 102 Fla. 567, 136 So. 392, and cases there cited.

So it appears to us that the court erred in excluding the proffered certified copies of by-laws of the defendant and that the exclusion of these by-laws precluded the defendant from introducing other evidence material to its defense. Because of these conditions the defendant could not prove

its pleas and, there being no proof admitted supporting the pleas, a verdict was directed in favor of the plaintiff and judgment entered on that verdict.

For these reasons, the judgment should be reversed.

It is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

DAVIS, J., concurs in the opinion and judgment.