## GRAND LODGE, KNIGHTS OF PYTHIAS OF NORTH AMERICA, v. McKEE et al.

No. 8581.

Circuit Court of Appeals, Fifth Circuit.

March 16, 1938.

S. D. McGill and Walter F. Rogers, both of Jacksonville, Fla., for appellant.

John L. Nixon, of Jacksonville, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant filed its petition for reorganization under Section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. This appeal is from an order dismissing it for want of jurisdiction upon the ground that "petitioner is an insurance corporation within the meaning of section 4 of the Bankruptcy Act [as amended, 11 U.S.C.A. § 22]," and excepted from the benefits of the act.

Appellant is a nonprofit corporation, organized without capital stock, under the laws of the state of Florida, as a fraternal benefit society. In financial difficulties, it filed, in December, 1936, its petition for corporate reorganization. The financial statement attached to its petition showed its total assets to be $359,136.37; its liabilities consisting of beneficiaries' claims, to be: Endowment department, $103,120.80; burial department, $4,716.50.

No plan of reorganization was proposed or suggested, nor was there any allegation in the petition that a feasible plan could be worked out. The petition was framed and the relief asked upon the general theory that if the benefits of reorganization could be obtained by the petitioner, it and its assets would be saved for its creditors and those interested in it, while, if they could not, all interested would suffer heavy losses.

Judgment creditors of petitioner moved to dismiss the petition. Two grounds were mainly relied on. The first was that petitioner maintains, in connection with its business, an insurance department; that it is therefore an insurance company, and, as such, precluded from becoming a bankrupt or being reorganized in bankruptcy. The second was that the petition did not show, as by law it was required to do, that it was filed in good faith, that reorganization was

necessary or expedient, and that a feasible plan for reorganization could be arrived at and determined upon. The District Judge, after argument upon the ground that petitioner was an insurance corporation within the meaning of the Bankruptcy Act, and therefore could not file, ordered a reference to a special master to inquire into, to take testimony, and to report upon whether it was. The master, basing his finding upon a careful statement of the facts developed in the hearing before him, and reinforcing it with a well-considered discussion of and opinion upon the law, found in petitioner's favor.

The District Judge disagreed with the master. He found petitioner to be an insurance corporation, and dismissed its petition as invoking a jurisdiction to which petitioner was not entitled to appeal.

We think the master was right in holding that petitioner was not, the District Judge was wrong in holding that it was, an insurance corporation within the act.

Petitioner was incorporated May 25, 1896; its charter declaring that: "The general nature and object of the corporation is for benevolence and burying the dead." The act under which it was incorporated, chapter 4231, Laws of Florida of 1893, neither provided any method, nor granted authority, to carry on an insurance business, or to write any form of insurance. In 1915, however, chapter 6970, governing the regulation, supervision, and control of fraternal benevolent societies, was enacted. It provided in sections 1 and 5: "Any corporation, society, order, or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit and having a lodge system with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits in accordance with Section 5 hereof is hereby declared to be a Fraternal Benefit Society." "Every Society transacting business under this Act shall provide for the payment of death benefits, and may provide for payment of benefits in case of temporary or permanent * * * disability."

On January 27, 1917, by an amendment to its charter, petitioner was authorized "to promote the principles of Friendship, Charity, Benevolence, Honor, Justice, Loyalty, Fidelity, Harmony and Love; to uplift the fallen, to soften the asperities of life, to subdue party spirits, to destroy castes and

prejudices, to relieve the needy, and afford succor to a brother, to elevate man to a higher plane of intelligence, morality and social equality; to administer to the sick and suffering; to bury the dead; to provide mutual relief to its members by purchasing or receiving land or lands, or the erecting or purchasing of a building or buildings, sanitarium or sanitariums, for the use of this body politic or corporate, to receive or purchase land or lands, a temple or temples, to be used, employed or disposed of for the purpose as provided for by the corporation, or by any other means that may be necessary to the furtherance of the principles as are herein stated."

From its inception petitioner was, and it still is, a nonprofit corporation, without capital stock, with a ritualistic form of work and representative form of government, a fraternal benevolent society having a lodge system and form of government as defined in chapter 6970, Laws Florida 1915.

The master thought that, "When Congress used the words 'Insurance Corporation' in section 4 of the act of 1898 as amended [11 U.S.C.A. § 22], it meant a corporation which was authorized by the laws of its creation to do an insurance business. At the time the amendment was passed many, if not all, of the states had authorized the formation of Fraternal Benefit Societies or associations, described and characterized as such in the legislation authorizing their incorporation. Therefore when Congress passed this amendment without defining the characteristics of 'Insurance Corporation' intended to be excluded from the operation of the Bankruptcy Act, it necessarily recognized the various definitions thereof in the statutes of the several states as indicating what constituted an 'Insurance Corporation' in the respective states."

He cited in support Gamble v. Daniel, 8 Cir., 39 F.2d 447; Clemons v. Liberty Savings & R. E. Corporation, 5 Cir., 61 F.2d 448; In re Union Guarantee & Mortgage Co., 2 Cir., 75 F.2d 984; In re Prudence Co., Inc., 2 Cir., 79 F.2d 77, and Woolsey v. Security Trust Co., 5 Cir., 74 F.2d 334, 97 A.L.R. 1081.

Inquiring into petitioner's status in the light of this view, he concluded that petitioner was neither, in the powers granted to it, nor in those it exercised, an insurance corporation under the laws of Florida, and that it was therefore not an insurance corporation within the Bankruptcy Act.

We agree with the master. By statutory definition and judicial construction petitioner is a fraternal benefit society, regulated and controlled by the Florida laws governing such societies. Grand Lodge, Knights of Pythias, v. Moore, 120 Fla. 761, 163 So. 108. It is not an insurance corporation regulated and controlled by the general insurance laws of that state. The policies which it writes are written, not in the conduct of an insurance business as such, but as an incident to the general purpose of its being, the mutual benefit of its members, etc., as set forth in the purpose clause of its charter above quoted.

Section 6391, Compiled General Laws Florida 1927, declares Knights of Pythias, etc., to be a fraternal benefit society; "exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose," section 6401, while section 6443 provides that nothing contained in the provisions regulating, supervising, or controlling fraternal benefit societies shall affect or apply to Grand Lodge, Knights of Pythias, exclusive of its insurance department.

Under the provisions of the law regulating fraternal benefit societies, petitioner was authorized to write death benefit policies, and it did issue to its members, each of whom was required to carry, an endowment policy in the sum of $500 or $1,000. The only statutory regulation provided as to these policies was that the state treasurer, or such person as he shall empower, shall examine the affairs of the society, and if it fails to comply with the provisions of the act relating to fraternal benefit societies, the Attorney General "shall commence proceedings against it by an action in quo warranto, and the Society shall be liquidated and the proceeds distributed to those persons entitled to them." Comp.Gen.Laws Fla.1927, § 6438.

From all of this it appears that while petitioner was authorized to write insurance in the form of endowment policies, it was not, and is not, an insurance corporation. It is a fraternal benefit society set apart in a class by itself, and not to be governed by the laws of the state relating to insurance companies, not only in Florida, Grand Lodge v. Moore, supra, but generally elsewhere. McBride v. Acme Life Ins. Soc., 179 La. 701, 154 So. 741; Westerman v. Supreme Lodge, K. of P., 196 Mo. 670, 94 S. W. 470, 5 L.R.A.,N.S., 1114; Porter v.

Commonwealth Casualty Co., 267 Pa. 410, 110 A. 153; In re Grand Lodge, A. O. U. W., D.C., 232 F. 199; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438.

Not being an insurance corporation within the meaning of the exception of section 4 of the Bankruptcy Act, as amended, and no proceeding having been instituted by the state to dissolve it and distribute its assets, petitioner had a right to file its petition for reorganization under the act, and the dismissal of it for want of jurisdiction was error. The petition having been dismissed for want of jurisdiction, whether it should have been dismissed upon the other ground of the motion, that it presented no plan, and was not filed in good faith, Witters Associates v. Ebsary Gypsum Co., Inc., 5 Cir., 93 F.2d 746, is not before us.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.