158 So.2d 565 (1963)
DADE COUNTY DAIRIES, INC., Appellant,
v.
PROJECTED PLANNING COMPANY, Appellee.
No. 63-268.
District Court of Appeal of Florida. Third District.
December 3, 1963.
Rehearing Denied January 7, 1964.
Marchant, Perkins, Cook & Schenerlein, Miami, for appellant.
Bolles & Prunty and Kenneth L. Ryskamp, Miami, for appellee.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
*566 HENDRY, Judge.
Appellant-defendant appeals from a final judgment entered in favor of plaintiff following a jury trial in the Civil Court of Record for Dade County.
Plaintiff alleged in its amended complaint that defendant entered into a contract with plaintiff, a corporation authorized to do business in Florida, whereby plaintiff was to prepare an analysis for defendant's group insurance program in return for defendant's promise that should any coverage be purchased after preparation of the analysis, plaintiff was to be designated as agent of record for the additional coverage and that plaintiff was to receive 50% of the standard commission payable. It was further alleged that plaintiff prepared a detailed analysis of defendant's group insurance program which it furnished to defendant; that thereafter defendant purchased additional insurance without designating plaintiff as agent for 50% of the commission payable. The alleged contract was evinced by a letter from defendant signed by its office manager, Mr. Albert Lynn.[1]
Defendant moved to dismiss the amended complaint on the ground that it failed to state a cause of action upon which relief could be granted. The motion was denied and an answer was filed denying all the material allegations of the complaint. The cause went to trial on the issues as made by the complaint and answer.
At the conclusion of plaintiff's case a motion for directed verdict made by the defendant was denied. Thereupon defendant announced that it had no testimony to offer and rested its case. Plaintiff then moved for a directed verdict as to liability and it was granted. The question of damages was submitted to the jury and they were assessed against the defendant in the sum of $1,825.00.
Appellant-defendant seeks reversal of the judgment on numerous grounds. First, it contends that a corporation is not liable upon an agreement made by an office manager. Appellant takes the position that plaintiff failed to carry its burden of showing that the corporation was bound by the acts of the office manager. We cannot agree. The evidence shows that the plaintiff dealt with Mr. Lynn, who held himself out as office manager and comptroller, at defendant's office; that the letter evincing the agreement upon which plaintiff sued, was written on the defendant corporation's letterhead and was signed under the corporate name by Albert Lynn, Office Manager; that the secretary of the corporation, Mrs. Feldman, the mother of the president, was present during some of the negotiations; that the corporation, with knowledge of Mr. Lynn's negotiations, not only failed to repudiate his actions, but used the information sought by Mr. Lynn and supplied by plaintiff.
We hold that the evidence was sufficient to prove that the corporation was bound by the acts of its office manager, Mr. Lynn. As was stated by our Supreme Court in S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757:
"The term `manager,' applied to an officer or representative of a corporation, implies the idea that the management *567 of the affairs of the company has been committed to him with respect to the property and business under his charge. Consequently his acts in and about the corporation's business, so committed to him, [are] within the scope of his authority. * * * The designation `manager' implies general power, and permits a reasonable inference that he was invested with the general conduct and control of the defendants' business * * * and his acts are, when committed in the line of his duty and in the scope of his employment, those of the company."
Appellant next contends that the trial judge erred in directing a verdict in favor of plaintiff as to liability because there was not sufficient evidence to support any of the material allegations of the amended complaint. The record shows that plaintiff offered evidence as to every element of its cause of action which it was required to prove and that such evidence was sufficient to entitle it to a directed verdict. The defendant offered no evidence and its cross examination of plaintiff's witnesses failed to elicit any proof of its defenses. Defendant cannot complain of plaintiff's failure to offer proof as to plaintiff's capacity to do business, since defendant accepted benefits of the transaction with plaintiff. Booske v. Gulf Ice Co., 24 Fla. 550, 5 So. 247; Fla.Jur., Corp. § 18.
A verdict may be properly directed for a plaintiff where the proof fully establishes its claim and where there is no evidence on which a verdict for defendant may lawfully be found. See McNulty v. Cusak, Fla.App. 1958, 104 So.2d 785; 32 Fla.Jur., Trial § 96.
We have also considered the other points raised by appellant and have concluded that the appellant has failed to demonstrate reversible error. Accordingly, the judgment appealed should be and it is hereby, affirmed.
Affirmed.
NOTES
[1] Letter sued upon reads as follows:
 "March 16, 1961
"A. Bradford Mosher
"Projected Planning Company
"DuPont Plaza Building
"Miami 32, Florida

"Gentlemen:
"This Will Authorize you to secure and analyze proposals For Group Insurance for our firm. It is our understanding that we are in no way obligated to purchase any Insurance as a result of this study. However, should any coverage be purchased, THE PROJECTED PLANNING COMPANY shall be designated as agents of records for 50% of the standard commission payable.
 "Cordially,
 "Dade County Dairies, Inc.
 (s) ALBERT LYNN
 "Mr. Albert Lynn 
 Office Manager"
"AL/hg"