PER CURIAM.
The appellant who was defendant in the trial court suffered a directed verdict in favor of the plaintiff on the issue of liability. After the jury had assessed damages, a final judgment was entered for the plaintiff.
On this appeal the appellant defendant contends that the verdict should not have been directed because there was an issue as to negligence. An examination of the record reveals that the trial judge correctly directed the verdict under the law as set forth in Dade County Dairies, Inc. v. Projected Planning, Fla.App.1964, 158 So.2d 565, which held that a verdict may be properly directed for a plaintiff where the proof fully establishes her claim and where there is no evidence on which a verdict for the defendant may lawfully be found.
The appellant places its main reliance upon its interpretation of the holding in Thomason v. Miami Transit Co., Fla.1958, 100 So.2d 620. We think that this case is so dissimilar upon the facts that the holding may not be interpreted, as appellant insists, to preclude a directed verdict for the plaintiff in the instant case. In the Thomason case, the plaintiff was a fare-paying passenger on a bus operated by the defendant. She was injured in preparing-to leave the bus when, upon her signal, the doors opened and suddenly slammed shut on-, her right leg and body. The Supreme Court, in Thomason, approved the granting-of an instruction that the mere happening of the accident raises no presumption of negligence. In that case the bus driver-testified that he knew nothing about the-alleged accident and appellant was the only-witness who could testify directly as to the-occurrence.
In the instant case the accident occurred-, as the plaintiff was entering the bus when the driver wrongfully closed the door on' her. He thereafter apologized for his mistake. Plaintiff’s -version of the accident-was fully corroborated by an eye witness.. The defendant brought forward no testi *81 mony on the issue of liability. Under these circumstances the appellant has failed to carry forward the burden of demonstrating that the trial judge erred in his ruling that the plaintiff had established a prima facie case.
Affirmed.