183 So.2d 725 (1966)
330 MICHIGAN AVENUE, INC., a Florida Corporation, Appellant,
v.
CAMBRIDGE HOTEL, INC., a Florida Corporation, and Max Dritz and Helen Dritz, His Wife, Appellees.
No. 65-583.
District Court of Appeal of Florida. Third District.
March 8, 1966.
Rehearing Denied March 28, 1966.
*726 Litman, Muchnick & Rosenfield, Hollywood, for appellant.
Rabin & Sassoon, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
HENDRY, Chief Judge.
Appellees brought this suit for the specific performance of a contract for the sale of real property. The chancellor found that the equities were with the appellees and ordered the appellant to:
(1) deliver to appellees an abstract of title to the property described in the complaint;
(2) pay damages for a sum representing the fair rental value of the property less the legitimate expenses of operation for the wrong occupancy from March 1, 1964 through the date of the order, the amount thereof to be determined by an accounting;
(3) credit the amount due from item (2) supra, against the purchase price and balance of down payment;
(4) deliver to the appellees a warranty deed, pursuant to the agreement dated January 27, 1964, to the property described in the complaint and the appellees shall pay the balance of the down payment less the amount determined by the accounting within fifteen days from notice by the appellees that marketable title has been evidenced through an examination of the abstract.
The appellant contends that the mortgage contemplated by the contract for the sale of real property is too vague and indefinite to constitute the basis for specific performance. The appellant urges that the mortgage is uncertain as to manner and terms of payments and as to the property intended to be covered by the mortgage.
The agreement dated January 27, 1964, contains the following terms and conditions:
"Purchasers are to execute a mortgage in the sum of $65,000.00 bearing an interest rate at 6% per annum, said mortgage to be dated March 1, 1964, and said interest on the said mortgage to be paid quarterly, said interest payment to start on June 1, 1964, and to be paid each quarter thereafter. Said mortgage to be paid in ten (10) years," (ink insert, "10% per year amortization") "said mortgage may be prepaid at any time without penalty" (ink insert, illegible) "that prepayment may be made in whole or in part."
Following the terms and conditions of sale is a printed sentence: "Deferred payments to bear interest at the rate of" (typewritten insert, eight (8)") "per cent per annum, payable as follows:" (typewritten insert, "on demand or within thirty days.")
Specific performance will not be enforced where the contract is not definite and certain as to essential terms and provisions and is incapable of being made so by *727 the aid of legal presumption or evidence of established customs.[1] However, any possible ambiguity may be removed by the parties themselves, for while the express terms of the mortgage may not be contradicted by parol testimony, the primary purpose of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transaction.[2]
Although the mortgage provisions do not relate which property is to be used as security, it is apparent, when looking at the transaction as a whole, that the property purchased is to be used for that purpose. Further, the inked in insert "10% per year amortization" appears to be the final intent of the parties as to the terms of payment, and there is an established presumption that equality of payment is intended.[3] It was also conclusively established at trial that the mortgage is to bear an interest rate of 6% per annum.
We have determined that the chancellor was in a position to find that the essential terms of the mortgage are clear and definite. However, in decreeing specific performance, the chancellor did not impose on the appellees the duty to give the appellant a mortgage and the cause must be remanded for that purpose.
The appellant further contends that the appellees did not have the legal capacity to contract nor did they show that they were ready, willing and able to purchase the property.
The evidence reveals that the articles of incorporation for the Cambridge Hotel, Inc. were filed February 28, 1964, whereas the contract to be enforced was entered into on January 27, 1964. The appellant knew of the status of the corporation at the time of the agreement. Therefore, having contracted with the corporation under its corporate name, it can not object that it had not been duly incorporated.[4] In addition, there is no lack of mutuality as the corporation has effectively ratified the contract.[5]
In equity the requirement of a tender of purchase money does not mean one valid at law, but rather a "present readiness, willingness, and ability in good faith to perform the acts required of one by the agreement, provided the other party will concurrently do the things which he is required by the contract to do, and notice by the former to the latter of such readiness, willingness, and ability."[6]
The appellees deposited $13,000.00 on account of the purchase price at the time of the agreement. There is evidence to the effect that an officer of the corporation, Helen Dritz, was holding $75,000.00 in cashier's checks and certified checks for the corporation. The appellees have continually informed the appellant of their readiness, willingness, and ability to perform.
Thus, there is sufficient evidence to support the chancellor's ruling which, in effect, declared that the appellees were ready, willing and able to perform.
*728 The appellant further objects to the award of damages for wrongful occupancy after March 1, 1964, but we have found that the chancellor was correct in this ruling.[7]
The appellant has shown no abuse of the chancellor's discretion in awarding specific performance and damages. Therefore, the order appealed from is affirmed with directions to the chancellor to impose upon the appellees the duty to give to the appellant a mortgage to conform with the agreement of January 27, 1964.
Affirmed and remanded with directions.
NOTES
[1] Topper v. Alcazar Operating Co., 160 Fla. 421, 35 So.2d 392 (1948); Rhode v. Gallat, 70 Fla. 536, 70 So. 471 (1915).
[2] Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943); Harvey v. Hayes, 71 Fla. 346, 71 So. 282 (1916).
[3] Zimmerman v. Diedrich, Fla. 1957, 97 So.2d 120; Fox v. Korshinsky, 97 Fla. 503, 121 So. 560 (1929).
[4] Grand Lodge, Knights of Pythias, Etc. v. Moore, 120 Fla. 761, 163 So. 108 (1935); Booske v. Gulf Ice Co., 24 Fla. 550, 5 So. 247 (1888); Dade County Dairies, Inc. v. Projected Planning Co., Fla.App. 1963, 158 So.2d 565.
[5] Meyer v. Nator Holding Co., 102 Fla. 689, 136 So. 636 (1931).
[6] Martin v. Albee, 93 Fla. 941, 945, 113 So. 415, 416 (1927).
[7] Salinas v. Rieck & Fleece Builders Supplies, Inc., Fla.App. 1959, 109 So.2d 394.