PER CURIAM.
We are presented with an appeal and a cross-appeal, the first of which was filed by the defendants and the second by the plaintiff. Each appeal is from a final judgment entered pursuant to a jury verdict.
Elevator Sales and Service, Inc., brought an action against Armor Elevator Co. and A. 0. Smith Corporation alleging wrongful interferences by the defendants with the business contracts of Elevator Sales and Service.. At the trial, which began on September 8, 1975, and which ended on September 23,1975, Elevator Sales and Service sought compensatory damages relating to five specific construction jobs. The jury awarded the plaintiff compensatory damages on four of these five, found that there had been no interference on the fifth, and made separate awards of punitive damages against the two corporations. The final judgment was for $133,280 in compensatory damages against both Armor and A. 0. Smith, $200,000 in punitive damages against A. O. Smith, and $50,000 in punitive damages against Armor.
A distinctive aspect of the action was that Elevator Sales and Service alleged and offered evidence that A. 0. Smith Corporation owned all the stock in Armor and so dominated, influenced and controlled Armor that Armor was the mere instrumentality of A. O. Smith. Defendants present a point which argues the proposition that if Armor was the alter ego of A. O. Smith, there cannot be separate punitive damage awards against such corporation. Defend *522 ants’ brief fails to cite a supporting assignment of error. See Fla.App. Rule 3.7(f)(4). A reading of the assignments of error does not reveal a readily applicable assignment. In addition, a reading of the record of the charge conference convinces us that defendants waived any objection to the treatment of the two corporations as separate entities for the purpose of assessing damages.
Indeed, the main thrust of defendants’ brief is that the evidence was not sufficient to support the finding that the two corporations acted together to inflict the damages found by the jury. Our review of the record in the light of the briefs and argument convinces us that the evidence was sufficient.
In its cross-appeal, the plaintiff presents a single point claiming error upon the denial of its motion for a directed verdict at the close of all the evidence on its right to damages arising out of Armor’s interference with the business relations of the plaintiff while the plaintiff was acting as exclusive distributor for Armor. “A verdict may be properly directed for a plaintiff where the proof fully establishes its claim and where there is no evidence on which a verdict for defendant may lawfully be found.” Dade County Dairies, Inc. v. Projected Planning Company, 158 So.2d 565 (Fla. 3d DCA 1963). See also Wilson v. U. S., 530 F.2d 772 (8th Cir. 1976). The rules of civil procedure do not require a trial judge to direct a verdict for the plaintiff on a single issue unless such an issue will dispose of the case and only then when no reasonable view of the evidence will support a jury verdict on that issue. See the general rule in Bourgeois v. Dade County, 99 So.2d 575 (Fla.1956). No error has been shown by the cross-appeal.
The briefs, in the main, consist of arguments on the legal effect of the evidence. We conclude that the evidence is sufficient and the case was properly submitted to the jury. Other points going to claims of procedural error are not sufficient to require reversal upon this record. The judgment is affirmed upon both appeals.
Affirmed.