PER CURIAM.
Plaintiff seeks review of a final order involuntarily dismissing its complaint seeking specific performance of a contract to purchase three parcels of real estate owned by three different limited partnerships, encompassing a project consisting of 226 units for a purchase price of $3,900,000.00. We affirm.
There was never a meeting of the minds as to all the terms of the agreement. The agreement provided that there would be attached to it, as Exhibit H, a proposed “wrap around” mortgage. The parties never agreed on the terms of such a mortgage, which was to be in the amount of $3,400,-000.00 and, therefore, there was never a meeting of the minds; ergo, no contract.
The provision relating to the “wrap around” mortgage was an integral part of the contract; it was never agreed to; it was obviously an essential element, particularly when the property was titled in three different ownerships and encumbered by five existing mortgages.
Counsel for the appellant relies heavily on the 1929 case of Fox v. Korshinsky, 97 Fla. 503, 121 So. 560 (1929). We find this case not to be applicable to the case at bar. *1071 In the cited case the total price was $3,000.00; there was one ownership, one vacant parcel, and specific deferred annual payments. In the instant case, the total cost, the multiplicity of titles, the number of existing mortgages, together with the problems incident to the “wrap around” mortgage as contrasted to the three annual payments, clearly demonstrates a distinction between the cited case and the case sub judice.
e Therefore, for the reasons above stated, the final order of involuntary dismissal under review be and the same is hereby affirmed.[1],[2]
Affirmed.

. Both parties seek attorneys’ fees for services rendered in this court. We deny same because the basis for the attorneys’ fees is the contract which, by this , opinion, we have found never came into existence; therefore, no binding contract between the parties and, as a consequence, no right to attorneys’ fees.

. If we did not affirm because of no contract, we would affirm because the plaintiff did not have “clean hands” having given a check as a deposit on the contract knowing that it had no funds in the bank to cover it. Busch v. Baker, 79 Fla. 113, 83 So. 704 (1920); Dale v. Jennings, 90 Fla. 234, 107 So. 175 (1925); Faber v. Landman, 123 So.2d 405 (Fla.2d DCA 1960); 22 Fla.Jur.2d, Equity, § 50.